**UNITED STATES ex rel. BOJARCHUK v. SHAUGHNESSY, District Director of Immigration and Naturalization Service.**

No. 288, Docket 22747.

United States Court of Appeals
Second Circuit.

Argued June 5, 1953.

Decided Aug. 7, 1953.

J. Edward Lumbard, Jr., U. S. Atty., New York City, for respondent-appellant. William J. Sexton, Asst. U. S. Atty., Lester Friedman, Atty., United States Department of Justice, Immigration and Naturalization Service, New York City, of counsel.

Blanch Freedman, New York City, Attorney for relator-appellee.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and CHASE, Circuit Judges.

CHASE, Circuit Judge.

Taras Bojarchuk, a native of Poland, first entered the United States as a seaman on shore leave and at various times since then he has so entered. His last arrival was at the port of New York on the American ship Talamanca of the United Fruit Company on whose vessels he had continuously been in service as a refrigerating engineer for at least five years. He was not given shore leave and apparently had no visa of the kind on which shore leave is permitted under 8 U.S.C.A. § 203(5) but was temporarily detained by the Immigration Service for deferred inspection and sent to Ellis Island for that purpose. He was then excluded for security reasons as an alien whose entry was deemed inimicable to the best interests of the United States as authorized by Title 8, Code of Federal Regulations 175.57. Thereafter the Attorney General denied him a hearing before a Board of Special Inquiry and made his temporary exclusion permanent on the ground that he was excludable under 8 C.F.R. 157.53 on the basis of confidential information whose disclosure would be prejudicial to the public interest.

Thereafter he attempted three times to secure his release from Ellis Island in habeas corpus proceedings but each writ was dismissed upon hearing and each time he failed to appeal.

His petition for the instant writ was granted on June 20, 1952. The hearing thereon was directed primarily to the determination of the validity of his continued detention pending efforts to obtain permission for him to go to some other country, we having held in U. S. ex rel. Mezei v. Shaughnessy, 2 Cir., 195 F.2d 964, 965, 967, that it was a violation of the Fifth Amendment "[t]o continue an alien's confinement beyond that moment when deportation be-

comes patently impossible * * *." Evidence was introduced to show the efforts which had been made by the relator, by the steamship company on whose ship he arrived, and by the government to obtain permission for foreign entry for him. No findings, however, were made. But no such permission had been obtained and the evidence would have supported a finding that it was impossible to get. Indeed, it seems plain enough that the memorandum of the judge was written upon that assumption. It follows in full: "In the opinion of the court, the facts of this case are so closely parallel to those of United States ex rel. Mezei v. Shaughnessy, 2 Cir., 195 F.2d 964, as to render the authority of that case controlling here. Accordingly, the writ will be sustained unless the relator is deported, or paroled under suitable conditions, within sixty (60) days from the entry of an order herein and its service on the relator." An order was entered in conformity to the memorandum and the relator was released pursuant thereto. The appeal is from that order.

■ Since then the Supreme Court has reversed our decision in the Mezei case. Shaughnessy v. U. S. ex rel. Mezei, 345 U.S. 206, 73 S.Ct. 625. Consequently the express ground on which the writ was sustained no longer supports the order and he was not unlawfully detained if the order of exclusion was lawful.

■ The validity of the order of exclusion is now attacked only on the ground that the denial of a hearing was a denial of procedural due process. That in turn depends upon whether he has the status of an entrant alien as Mezei was held to have had and so not entitled to a hearing, United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 70 S.Ct. 309, 94 L.Ed. 317, or one to be assimilated to that of a resident alien, as was the case in Kwong Hai Chew v. Colding, 344 U.S. 590, 73 S.Ct. 472, who must be given one.

■ The pertinent facts on which the decision of that question must turn were not found and until they are basis is lacking for decision as to whether there has been a denial of due process which requires

the affirmance of the order. There was a traverse to the return to the writ and the parties differ in important respects as to what facts the record does show. Much depends upon the credibility of the relator who was the only witness, and we have no adequate basis for testing that. Consequently the order on appeal cannot be supported on this record on the ground that the deportation order was invalid because of a denial of due process. Though the order must be reversed we will not dismiss the writ but will remand the cause for further proceedings in the district court to determine on such findings as the evidence warrants whether the status of the relator when he was ordered permanently excluded is to be assimilated to that of a resident alien entitled to a hearing as shown by the Chew case.

Order reversed, relator remanded to his former custody, and cause remanded.